UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Latrice Atik Dillard, | Case No. 26-cv-57 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell, Commissioner of Corrections (Minnesota Department of Corrections) and Nannette Larson, Dept. Commissioner, | |
| Defendants. | |

On February 6, 2026, this Court recommended that this matter be dismissed due to plaintiff Latrice Atik Dillard's failure to prosecute this matter. (Doc. 5.) Ms. Dillard had failed to pay the $18.20 initial partial filing fee previously ordered by this Court, and the deadline for paying that fee had expired.

Later that same day, however, the Court received a letter from Ms. Dillard asking for additional time in which to pay the initial partial filing fee. (*See* Doc. 6.) Because it is clear that Ms. Dillard does intend to prosecute this matter, this Court will vacate the February 6, 2026 Report and Recommendation. The deadline for Ms. Dillard to pay the initial partial filing fee of $18.20 is extended to March 2, 2026. Failure to pay the initial partial filing fee by that date may result in a renewed recommendation that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Ms. Dillard's letter to the Court also raises three issues that require clarification at this time. First, Ms. Dillard asks that the Court contact the prison at which she now resides and ask that prison officials permit her to pay the initial partial filing fee for this matter from her gate savings account. Whether payment of legal fees from gate savings is permitted under Minnesota Department of Corrections Policy is not an issue before the Court in this litigation and will not be addressed. That said, Ms. Dillard's initial partial filing fee was calculated without reference to deposits to that account or the average balance of that account. Accordingly, Ms. Dillard should be able to pay—or, at the very least, has not demonstrated that she has no assets and no means from which to pay—the $18.20 initial partial filing fee in this matter from assets available in his spending accounts. *See* 28 U.S.C. § 1915(b).

Second, Ms. Dillard asks that the Court "file an order preventing facility from unsealing correspondence." (Doc. 6.) As a general matter, documents mailed to the Court from a litigant or to a litigant from the Court, do not constitute "legal mail" subject to legal protection from unsealing outside of the inmate's presence. *Cf. Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012) (noting that prisoner-attorney communications cannot be inspected by prison officials outside the presence of the prisoner). Thus, Ms. Dillard's request is denied, at least to the extent it relates to mail originating from, or addressed to, the Court.

Third, Ms. Dillard asks that an attorney be appointed to represent her in this matter. (Doc. 6.) No formal motion for appointment of counsel is yet before the Court, and the

question of whether counsel should be appointed will be postponed until after such a motion has been filed—and after Ms. Dillard's initial partial filing fee has been paid.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings in this case, **IT IS ORDERED** that:

1. The February 6, 2026 Report and Recommendation (Doc. 5) is VACATED.

2. Plaintiff Latrice Atik Dillard must pay an initial partial filing fee of at least $18.20 by no later than March 2, 2026, failing which it may be recommended that this matter be dismissed without prejudice for failure to prosecute.

Dated: February 9, 2026           s/Douglas L. Micko
                                                      Douglas L. Micko
                                                      United States Magistrate Judge